UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KOURTNEY ADDISON,

                                                                                                             DECISION AND ORDER

                                      Plaintiff,

                                                                                                           19-CV-6108L

           v.

ANDREW SAUL,
Commissioner of Social Security,

                                      Defendant.
_____

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). This action is brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On August 7, 2015, plaintiff, then twenty-seven years old, filed an application for supplemental security income, alleging disability as of that date. (Administrative Transcript, Dkt. #7 at 12). His application was initially denied. Plaintiff requested a hearing, which was held March 10, 2017 via videoconference before Administrative Law Judge ("ALJ") David J. Begley. The ALJ issued an unfavorable decision on July 17, 2017. (Dkt. #7 at 12-20).That decision became the final decision of the Commissioner when the Appeals Council denied review on December 12, 2018. (Dkt. #7 at 1-3). Plaintiff now appeals.

The plaintiff has moved for remand of the matter for further proceedings (Dkt. #12), and the Commissioner has cross moved (Dkt. #17) for judgment on the pleadings, pursuant to Fed. R.

Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision summarizes plaintiff's medical records throughout the relevant period, including mental health treatment records for depression and panic disorder without agoraphobia, which the ALJ concluded together constituted a severe impairment not meeting or equaling a listed impairment. (Dkt. #7 at 14). Applying the special technique for mental impairments, the ALJ found that plaintiff has moderate limitations in understanding, remembering, and applying information; moderate limitations in interacting with others; moderate limitations in concentration, persistence and pace; and moderate limitations in adapting and managing himself. (Dkt. #7 at 15).

Upon review of the record, the ALJ found that plaintiff has the residual functional capacity ("RFC") to perform work at all exertional levels, with the following limitations: claimant is limited to simple, routine, and repetitive tasks in a low stress environment, defined as one free of fast-paced production requirements, with no hazardous conditions, only occasional decision-making required, and no more than occasional changes in the work setting. Plaintiff can have occasional interaction with coworkers and supervisors, but may not engage in tandem tasks, and can have no direct interaction with the general public (Dkt. #7 at 16).

At the hearing, the ALJ asked vocational expert Carly Coughlin whether there were positions in the economy that a hypothetical individual with this RFC could perform. Ms. Coughlin testified that such an individual could perform the representative unskilled positions of laundry worker II, dishwasher, and price marker. (Dkt. #7 at 19).

**I.      Schizophrenia As a Severe Impairment**

The ALJ's decision described plaintiff as having "possible schizophrenia," but determined that the record did not contain any "comprehensive assessment diagnosis for this condition," or sufficient evidence to suggest that schizophrenia "more than minimally" limited plaintiff's functioning. (Dkt. #7 at 14). The ALJ accordingly found that plaintiff's schizophrenia was non-severe.

Plaintiff argues that the ALJ overlooked evidence that plaintiff had been formally diagnosed with schizophrenia, and thus failed to properly assess or include corresponding limitations in his RFC finding.

The Court agrees. Plaintiff's medical records repeatedly reference his schizophrenia diagnosis, and all of the medical source opinions of record either identify the diagnosis or describe related symptoms, chiefly plaintiff's ongoing, daily auditory hallucinations, or "hearing voices," which impeded his mental functioning by distracting him (with the voices often arguing amongst themselves) and exacerbating his depression and anxiety. *See e.g.*, Dkt. #7 at 151, 167, 195, 198 (plaintiff's application for benefits, listing "hearing voices" among the allegedly disabling conditions and identifying psychiatric medication prescribed for "voices" and "hallucinations"); 210 (consulting psychiatrist Dr. Yi-Ying Lin's report: "he will hear a voice talking to him in his head throughout the day"); 317-25, 411-37 (treating psychiatrist Dr. Ortega's progress notes including the diagnosis of "schizophrenia, unspecified (Active)" with notations for every visit

concerning the presence and frequency of auditory hallucinations, causing problems with attention and concentration, and adding to plaintiff's depression and anxiety); 327-41 (treating therapist Barbara Burke's notes including consistent mention of ongoing auditory hallucinations, with multiple voices often arguing and disagreeing with each other); 341-47 (Ms. Burke's RFC opinions noting auditory hallucinations among plaintiff's symptoms and identifying "schizophrenia" as the reason for his referral to SSI); 438 (Dr. Ortega's RFC opinion identifying Axis I diagnoses including "F20.9," the mental health diagnosis code for schizophrenia).

Given the frequent discussion of plaintiff's schizophrenia diagnosis and its associated symptoms throughout his mental health treatment records and medical source opinions, the ALJ's characterization of plaintiff's schizophrenia as merely "possible," and his resultant finding that plaintiff's schizophrenia was therefore a "non-severe" impairment, were not supported by substantial evidence.

Nor can this error be said to be harmless. Although an ALJ's failure to characterize an impairment as "severe" may be harmless where the ALJ nonetheless considers the "combined effects of all impairments," both severe and non-severe, in making his RFC finding, it does not appear that the ALJ did so here. *Poles v. Berryhill*, 2018 U.S. Dist. LEXIS 49480 at *7 (W.D.N.Y. 2018)(citations omitted). Indeed, plaintiff's primary schizophrenic symptom – intrusive and distracting auditory hallucinations – while mentioned consistently throughout plaintiff's mental health treatment records and acknowledged in the opinions of all of the treating and consulting medical sources – is not mentioned anywhere in the ALJ's decision, and there is no indication that the ALJ considered its effects in formulating plaintiff's RFC.

4

Having found that the ALJ erred at the outset of his analysis with respect to the determination of plaintiff's severe impairments and that such error was not harmless, the Court declines to consider the remainder of plaintiff's arguments.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to vacate the ALJ's decision and remand the matter (Dkt. #12) is granted, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #17) is denied. The ALJ's decision is reversed and remanded, for reassessment of the plaintiff's severe impairments and the limitations they impose, and the rendering of a new decision.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
August 12, 2020.